**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 99-30553
_____

BRANDON HEARD, DARRELL HEARD,

Plaintiffs-Appellants-Cross Appellees,

VERSUS

MUNICIPALITY OF BOSSIER CITY; ET AL.,

Defendants,

MUNICIPALITY OF BOSSIER CITY, GREGORY J. EBARD, JOSEPH C.
THOMERSON, WILLIAM J. GRANTHAM,

Defendants-Appellees,

ROBERT BROWN, also known as B-Bop,

Defendant-Appellee-Cross-Appellant.

_____

Appeals from the United States District Court
For the Western District of Louisiana
(97-CV-1436)
_____

May 12, 2000

Before REAVLEY, DAVIS and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

After reviewing the record and considering the briefs and

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

arguments of counsel, we conclude that the district court committed no reversible error. First, undisputed summary judgment evidence established that Plaintiffs' neighbors complained of loud noise and that the officers themselves heard loud music and voices a half block away from Plaintiffs' home. This information gave the officers probable cause to believe that Plaintiffs were violating the Bossier City noise ordinance, and thus provided the officers with probable cause to enter the Plaintiffs' premises and effect an arrest.

Second, the undisputed facts in this case do not present an exception to the general rule that the Fourth Amendment permits officers to execute warrantless arrests on the basis of probable cause. See Atwater v. City of Lago Vista, 195 F.3d 242, 244-45 (5th Cir. 1999)(en banc). As we stated in Atwater, "we deviate from [the] principle ... that an arrest based on probable cause is reasonable under the Fourth Amendment only when an arrest is 'conducted in an extraordinary manner, unusually harmful to an individual's privacy or even physical interests.'" Id., quoting Whren v. United States, 517 U.S. 806, 817-18 (1996).

Finally, we reject Plaintiffs' argument that the jury reached inconsistent verdicts in finding both that the Defendants used excessive force and that they were entitled to qualified immunity. Where a party challenges the consistency of a jury verdict, "it is the duty of the courts to attempt to harmonize the answers . . . to reconcile the jury's findings, by exegesis, if necessary . . . before we are free to disregard the jury's verdict and remand the

2

case for a new trial." Gallick v. Baltimore and Ohio Railroad Co.,
83 S.Ct. 659, 666 (1963). Moreover, because Plaintiffs failed to
object to either the court's jury charge or interrogatories, we
review those instructions for plain error. See Tompkins v. Cyr,
202 F.3d 770, 783 (5th Cir. 2000).

Snyder v. Trepagnier, 142 F.3d 791 (5th Cir. 1998), makes it
clear that an officer may be entitled to qualified immunity even
though he employed excessive force. Id. at 800. As we explained:

> It is possible for the jury to find that, although the
> actual circumstances of the [seizure] did not justify
> the officer's behavior, the circumstances that
> appeared to the officer would have justified a
> [seizure]. That is, the officer could make a
> constitutionally reasonable judgment based upon a
> factual misperception. It might be possible for the
> jury to resolve factual ambiguities so as to conclude
> that a constitutional violation took place, even
> though it is not possible for the jury to resolve
> factual ambiguities so as to conclude that the
> observation was the product of an objectively
> unreasonable mistake.

Id. (internal citations omitted). As such, we find neither that
the district court committed plain error in submitting instructions
and interrogatories on both qualified immunity and excessive force,
nor that the court erred in entering the jury's verdicts.

For the reasons stated above, the judgment of the district
court is AFFIRMED.

3